IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DONALD YORK, d/b/a DONCO     )
CONSTRUCTION,                )
                             )
          Plaintiff,         )     Case No. 6:06-CV-3468-ODS
                             )
vs.                          )
                             )
WESTWOOD CONTRACTORS, INC.,  )
                             )
          Defendant.         )

ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS
AND TRANSFERRING THE CASE TO THE NORTHERN DISTRICT OF TEXAS

Pending is Defendant's Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. # 2.) For the following reasons, Defendant's Motion to Dismiss is denied, but the case is transferred to the United States District Court for the Northern District of Texas.

I. BACKGROUND

On June 14, 2005, Plaintiff Donald York d/b/a Donco Construction entered into a written contract with Defendant Westwood Contractors, Inc. for Plaintiff to perform construction work on the Belk Department Store in the Branson Landing development in Branson, Missouri. Section 23(e) of the contract is a forum selection clause, stating that "[the] contract shall be construed under the law of the State of Texas, notwithstanding Texas's choice of law statutes, and venue in any suit involving this contract shall be in Tarrant County, Texas."

On October 19, 2006, Plaintiff filed this action against Defendant in the Circuit Court of Taney County, Missouri, asserting breach of the contract. On December 4, 2006, Defendant removed the case and simultaneously filed a Motion to Dismiss for Improper Venue.

II. DISCUSSION

Defendant contends that venue in this Court is improper because the contract between the parties contains a valid and enforceable forum selection clause specifying that any suit involving the contract will be in Tarrant County, Texas.

Although there is some disagreement over whether the validity of forum selection clauses is a question of federal or state law, there is agreement that the federal standard will apply if the states involved all follow the federal standard. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006). Both Texas, Phoenix Network Techs. v. Neon Sys., Inc., 177 S.W.3d 605, 613-614 (Tex. App. 2005), and Missouri, High Life Sales Co. V. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. 1992) (en banc), have adopted the federal standard. The federal standard for enforcement of forum selection clauses is set forth in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). Under the Bremen standard, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen, 407 U.S. at 15). Thus, the forum selection clause in the contract between Plaintiff and Defendant is presumed to be valid absent a showing by Plaintiff that it is unjust, unreasonable or invalid.

Plaintiff first argues that the forum selection clause should not be enforced because it is unfair and unreasonable to require Plaintiff to produce witnesses from Missouri for trial in Texas or to present those witnesses' testimony via depositions. The Eighth Circuit Court of Appeals has clearly stated that forum selection clauses "are enforceable unless they would actually deprive the opposing party of his fair day in court[,]" and that "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." M.B. Rests., 183 F.3d at 752-753. Furthermore, the "alternative of using depositions of key witnesses provides adequate opportunity for [plaintiffs] to have their fair day in court." Sun World Lines, Ltd. V. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986) (upholding a forum selection clause requiring a Missouri company to litigate in Germany). The inconvenience Plaintiff will experience by trying a case in Texas is certainly not greater than the inconvenience the plaintiff in Sun World Lines would experience by trying a case in Germany, nor is it any greater than the

2

inconvenience Defendant would experience if the case remains in Missouri.  Therefore, Plaintiff's assertions are insufficient to overcome the presumption of validity.

Plaintiff also argues that the forum selection clause should not be enforced because it contravenes Missouri public policy in favor of trying the action in the state.  As an example of strong public policy of the State of Missouri, Plaintiff cites a Missouri statute providing that "persons who enter into a contract for private design or construction work . . . *may* bring an action in a court of competent jurisdiction against a person who has failed to pay [according to the terms of the contract].  The court *may* . . . award interest . . . and reasonable attorney fees. . . ."  Mo. Rev. Stat. § 431.180 (2006) (emphasis added).  "Under Bremen, a forum selection clause may be set aside if 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'"  Servewell, 439 F.3d at 790 (quoting M/S Bremen, 407 U.S. at 15).  In Servewell, the Eighth Circuit Court of Appeals refused to recognize an Arkansas specific venue statute as representing strong public policy of the state because of the permissive language of the statute.  Id. at 791 (statute said "may be brought" rather than "shall be brought").  Like the Arkansas statute in Servewell, the Missouri statute cited by Plaintiff uses permissive language.  As such, the Missouri statute is insufficient to represent public policy of the state strong enough to justify invalidating a forum selection clause.

The forum selection clause in the contract between Plaintiff and Defendant is presumed to be valid under the Bremen standard.  Because Plaintiff's arguments of inconvenience and strong public policy are insufficient to overcome this presumption of validity, the clause is enforceable.  The forum selection clause specifies that "venue in any suit involving [the] contract shall be in Tarrant County, Texas."  Therefore, venue in this Court is improper.

When venue in a district is improper,  "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Transfer is preferred over dismissal whenever possible "to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits."  Mayo Clinic v. Kaiser, 383 F.2d 653, 654 (8th Cir. 1967) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-467 (1962)).  In this case, the forum selection clause in the contract limits venue to Tarrant County, Texas, but it does not further limit venue to the state

3

courts of that county. Thus, it is the opinion of this Court that venue would be proper in the federal district court encompassing Tarrant County, Texas. Accordingly, this case should be transferred to the United States District Court for the Northern District of Texas.

III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Improper Venue is denied, and the case is transferred to the United States District Court for the Northern District of Texas.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | /s/ Ortrie D. Smith |
|  | ORTRIE D. SMITH, JUDGE |
| DATE: March 13, 2007 | UNITED STATES DISTRICT COURT |